### J. H. HARDY v. C. H. HEATH.

(Filed 1 October, 1924.)

**Appeal and Error—Rules of Court—Docketing Appeals—Record Proper—Motions—Certiorari — Constitutional Law—Statutes—Agreement of Parties.**

The rules of practice regulating the docketing in the Supreme Court cases appealed thereto is exclusively left to that Court by the Constitution, Art. IV, secs. 8 and 12, which cannot be affected or changed either by statute or the agreement of parties; and in order to properly bring the case before the Court for it to exercise its discretionary power to afford relief under peculiar circumstances arising in a particular case, the record proper must be docketed in strict accordance with the requirements of the rule, and a *certiorari* accordingly applied for on motion to the Court and in the time required.

APPLICATION for *certiorari* to obtain extension of time to docket appeal, filed 13 September, 1924, and presented and heard by the court 23 September, 1924. Application denied. Appeal by plaintiff.

*Manning & Manning for plaintiff.*
*Stevens, Beasley & Stevens, R. D. Johnson for defendant.*

HOKE, C. J. From a perusal of the affidavits and summary of the record now presented it appears that this was an action of claim and delivery tried and determined at Superior Court of Duplin County, March Term, 1924. Verdict and judgment for defendant. Appeal by plaintiff. By agreement of counsel, time for tendering case on appeal and countercase has been extended to 13 September, 1924, when the papers will be handed to the judge for the purpose of settling case on appeal, and his Honor now has the papers for such purpose.

Our rules provide in effect that appeals in causes tried below during a term of this Court shall be brought to such term or the next succeeding term, and when to the next succeeding term, same must be docketed at

such term seven days before the call of the docket of the district to which it belongs. Rules of Practice, 185 N. C., p. 787 *et seq.*

In numerous decisions of the Court in which these rules were construed and applied, it has been held that a record and case on appeal not docketed at the time required by the rule will be dismissed on motion unless the appellant within the time provided shall docket the record proper and apply for a writ of *certiorari* and thereby obtain an extension of time. *S. v. Farmer, ante,* 243; *S. v. Butner,* 185 N. C., p. 731; *S. v. Dalton,* 185 N. C., p. 605; *Rose v. Rocky Mount,* 184 N. C., p. 609; *Mimms v. R. R.,* 183 N. C., p. 436; *S. v. Johnston,* 183 N. C., p. 730; *S. v. Brown,* 183 N. C., p. 789; *S. v. Barksdale,* 183 N. C., p. 785; *S. v. Ward,* 180 N. C., p. 693.

In *Rose v. Rocky Mount, supra,* it was held: "Appeals to the Supreme Court are only within the rights of the parties when the procedure is in conformity with the appropriate statutes or rules of court, and neither the parties in litigation nor their attorneys have authority, by agreement among themselves, to disregard the rules regulating appeals in the Supreme Court; and where the appellant has failed to docket his appeal or move for a *certiorari* under the rule regulating the matter, the appeal will be dismissed."

In *Mimms v. R. R., supra:* "When a case on appeal has not been docketed by appellant within the time required by the rule of practice in the Supreme Court regulating it, and a motion has not been made for a *certiorari,* it will be dismissed, it being discretionary with the Court as to whether the motion for this writ will be allowed, which the consent of the parties cannot affect."

In *S. v. Johnson, supra:* "The procedure in the Supreme Court is vested by constitutional authority entirely with this Court, without power of the Legislature to modify it. Whether the appellant has legal excuse in not docketing his case on appeal in time for it to be regularly heard at the call of the district to which it belongs is a matter for the Supreme Court to determine upon his docketing the record proper and moving for a *certiorari* under the rule. Where the appellant has not docketed the record proper and moved for a *certiorari* under the rules, he may not successfully resist appellee's motion to dismiss for not having his case docketed in the required time by attempting to show that such failure was caused by the trial judge in extending the time for the preparation and service of the case and countercase. *Semble,* an unreasonable time given for such purpose will not be recognized by the Supreme Court."

In *S. v. Brown, supra:* "A case on appeal will be dismissed in the Supreme Court when the appellant has not conformed to the rule requiring that it be docketed in a certain time before the call of the district,

at the first term of the Supreme Court beginning after the trial, and has failed to apply for a *certiorari* on good cause shown."

In *S. v. Barksdale, supra:* "In this case, held that the appeal be dismissed in the Supreme Court on motion of the State for the failure of the appellant to docket his case at the first term of this Court beginning after the trial below, or apply for a *certiorari* upon filing a transcript of the record proper, in accordance with the requirements of the rules of Court regulating such matters."

In the case before us, the case on appeal has not yet been prepared nor has the record proper been docketed, on which alone an extension of time may be obtained by means of the writ of *certiorari.* A mere summary of the record taken from the minute docket and consisting chiefly of the names and respective dates of the different processes and pleadings in the cause is by no means a compliance with this requirement that the record proper be docketed. Speaking to this question in *S. v. Farmer, supra,* the Court said: "It is only by timely issuance of this writ that an extension of time can be procured, and this is by no means a formal and meaningless requirement. By application for *certiorari,* the cause is brought within the cognizance and control of the Court, and a criminal cause can thereby be brought up and heard at a day certain or at furthest at the end of the appeals from the Twentieth District, as provided in Rule No. 6. Its proper issuance is essential to give this Court proper control of the action of the lower courts as provided and contemplated by Const., Art. IV, secs. 8 and 12, and the principles . which apply to it and the decisions of the Court concerning it are just as imperative as the time fixed for docketing a perfected appeal under the express terms of the rule."

And in order to a proper exercise of the discretionary power to issue the writ referred to, it is necessary for the Court to have opportunity to inspect the record proper, which should contain at least the summons, pleadings, verdict and judgment below and any ancillary orders made in. the cause in case the validity of such orders are involved in the appeal. See *Cressler v. Asheville,* 138 N. C., p. 482.

Again, a proper consideration of the authorities cited will disclose that these rules of practice and the decisions concerning them will be uniformly enforced and that even when the record proper has been duly docketed an extension of time for docketing also the case on appeal will only be allowed when good and sufficient cause is shown why there has not been a full compliance with the rule. In the case before us it appears that the cause was heard and determined at March term, Superior Court of Duplin County; that time for serving case and countercase on appeal has been extended by agreement of counsel from time to time

through the entire Spring term of the Sixth District, through the summer vacation, and was only submitted for the consideration of the judge below on 13 September, too late for his Honor to have settled the case within the time required by the rule.

As said in *Farmer's case,* these rules, prepared pursuant to the powers vested in this Court by the Constitution and designed to promote the expeditious and orderly hearing of causes on appeal, are in no wise subject to the agreement of counsel or parties litigant, and no sufficient reason is shown to justify an issuance of the writ of *certiorari* in the cause even if the record proper had been docketed in apt time.

For reasons stated the application for writ is
Denied.